BOURGUIGNON *vs.* DESTREHAN.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

5 L 115|
50  259|

The pendency of another suit between the same parties, for the same object, growing out of the same cause of action, instituted previous to the present suit, will not be noticed by the court, unless specially pleaded.

The vendor of land, who conveys by a bad title, cannot be considered a trespasser, if his vendee is suffered to remain in possession long enough to acquire the right of possession.

Such a vendor is not liable, after his vendee has acquired the right of possession, for the rents and profits received by the latter.

The plaintiff claims of the defendant the sum of fifteen thousand dollars, for the rents and profits of a certain piece of ground, and for expenses incurred in obtaining possession.

The petition shows the plaintiff to be, the owner of the ground. The defendant had illegally taken possession, which was restored by a judgment of the court in a former suit. The plaintiff had been deprived of possession for about seventeen years.

The defendant pleaded the general denial and prescription.

On the trial the case was submitted to a jury who returned a verdict in favor of the plaintiff, for five hundred and forty dollars. A new trial was granted to the defendant on the ground that the verdict was contrary to law and evidence. On the second trial the jury found for the plaintiff for fifteen hundred dollars. A new trial was granted, and the third jury found for the defendant. A new trial was then refused and the plaintiff appealed.

PORTER, J. delivered the opinion of the court.

The petition states, that the defendant had taken possession of property belonging to the plaintiff, which he refused

BOURGUIGNON
*vs,*
DESTREHAN.

to give up; that at last suit was brought against him, and by a decree of this court he was ordered to restore possession.

It further alleges, that although the petitioner has been put in possession, yet he has suffered damages to a large amount for the space of seventeen years; that he has been deprived of his property, and that he also sustained great expense in carrying on the petitory action he was compelled to resort to. The sum total of the damages is averred to be fifteen thousand dollars, and judgment is prayed for that amount.

The answer contains a general denial, to which was afterwards added the plea of prescription.

The case has been before three juries. The first found a verdict in favor of the plaintiff for five hundred and forty dollars; a new trial was granted, and the second jury estimated the damages at fifteen hundred dollars. This verdict was also set aside by the court, and the case again submitted to the country. The last jury found a verdict for the defendant, and the judge approving it, gave judgment accordingly. The plaintiff appealed.

The case has been submitted to us without argument, or without any *points* to direct our attention to the matters which the parties might suppose were really in controversy.

In looking into the record, it appears that damages were attempted to be proved on two grounds. The first, a trespass committed by the defendant's cattle on the premises of the plaintiff; and second, the rents and profits of the property formerly in dispute, during the whole time it was possessed by Boudousqué who was the vendee of the present defendant.

The pendency of another suit between the same parties for the same object and growing out of the same cause of action, instituted previous to the present suit, will not be noticed by the court unless specially pleaded.

The pleadings in the former action have been given in evidence in this, and on recurring to them we see that Boudousqué, the party in possession, and Destrehan, against whom this suit is brought, were both made parties to it, and after a very attentive consideration of what was asked for then, and what is demanded now of the defendant, it is our opinion that the very same matters are put at issue in both actions. In the first case, judgment has been given for the

land, but the question of damages is yet undecided. We do not, therefore, see precisely the grounds on which this action could be maintained, if the pendency of that first brought, had been pleaded in bar; as it is not, we are compelled to go into the merits.

The second ground on which the damages are claimed, presents the question as to the responsibility of the defendant in this form of action, for the rents and profits of the land during the time it was in possession of Boudousqué, his vendee. The court below charged the jury he was not responsible, and the plaintiff excepted to that opinion. The question is somewhat novel, for we do not recollect having ever before seen such a suit brought in our courts. The only grounds on which we can conjecture it was supposed the responsibility of the defendant could be maintained, were, that the vendee was a trespasser, and that the vendor under whose permission he entered into possession was also one. If the first proposition were true, then perhaps the other would follow, it being a familiar doctrine of our law, that if A commits an illegal act by command of B, they are both considered as actors in the infliction of the injury, and are both liable for the consequences which may flow from it.

But after the best consideration we have been able to bestow on the case, we are of opinion that the vendor of land who conveys his right in it to another, although his title be a bad one, cannot be considered as a trespasser, and subject to the responsibility of one, if his vendee is suffered to remain in possession long enough to acquire the right of possession. It is true, trespass may be committed on land, but in order that the interference, injury, or act, may amount to such, it is essential that the right of possession in another be disturbed. The action of *réintégrande* in the civil law, by which possession is restored, and damages given for the injury inflicted by the trespasser is confined to the party having the right of possession. At common law, the ground of the action of trespass on land, is the injury to the possession. *Pothier traité de possession, nos.* 114 and 115. *Kent's Commentaries,* ed. 1832, *vol.* 4, 120. By our law, however, if the party ille-

*[margin note:]* The vendor of land who conveys his right in it to another, although his title be a bad one, cannot be considered a trespasser if his vendee is suffered to remain in possession long enough to acquire the right of possession.

EASTERN DIS.
February, 1833.
━━━━━
BOURGUIGNON
vs.
DESTREHAN.

gally entering on the land, is suffered to remain therein for a year, the owner loses the right of possession, and is driven to his petitory action to recover the property. The rents and profits accruing after that year, or the fruits gathered, for which the possessor may be responsible, are given on entirely different principles from those for which reparation is afforded for a trespass, and his responsibility varies according to circumstances. If the possessor be in good faith he makes them his own, up to the time suit is brought to recover the property. If in bad, he owes them during the time of his possession. For their recovery the law has given an action in express terms against the person who has enjoyed them, and it is totally silent in regard to recourse against the person under whose title the possession was first taken. This silence in relation to responsibility for the fruits which may be due in a petitory action, and the express declaration that the party who commands the trespass, or under whose authority it is committed

*Such a vendor is not liable, after his vendee has acquired the right of possession, for the rents and profits received by the latter.*

is subject to the possessory action, and may be made responsible to the proprietor for the damages sustained by him, is a just reason for courts to assume that no such action was contemplated to be given, in a case such as that before us. *Pothier traité de possession, nos.* 118 and 123.

In the case first put, where the vendee makes the fruits *his own* in consequence of the belief that he was the owner, it would be difficult, nay, impossible, to conclude that the person who sold, even in bad faith to that vendee, should be responsible to the proprietor for that which the law expressly says belongs to another. In case the vendee is in bad faith, the absurdity it is true is not presented, but the grounds on which the possessor is made responsible for fruits, repel the idea that the vendor of that possessor is bound to make them good. These grounds are two : First, that the fruits, whether natural or the result of industry, or whether already gathered or not, are considered as accessaries to the land, and must be restored with it. The maxim of the Roman law was *omnis fructus non jure seminis, sed jure soli percipitur*. The second is, that every possessor in bad faith is considered to have impliedly contracted with the proprietor the obligation

to preserve the thing for him, and to deliver it to him with every thing which belonged to it. *Pothier traité du droit de propriété, nos.* 151, 335, 336.

There is another ground why a vendor of land whose vendee is evicted by a petitory action, cannot be considered as a trespasser, and subject to the responsibility of one. Our law refuses to one trespasser who has paid damages, an action for reimbursement against his co-trespasser, or against him under whose authority he inflicted the injury, and yet it is clear, that the vendor with warranty is subject to an action by his vendee, for the repayment of the fruits he may be compelled to return to the proprietor. *La. Code* 2482, 3 *Martin's Rep. O. S.* 288. It appears to us, that no action lies by the owner of the land, against the vendor of the party, who is evicted in a petitory action, for the fruits or revenues; that he can only be reached by recovery from his vendee, to whom he may, or may not be responsible in warranty, according to the circumstances of the case, and the nature of his engagement.

The plea of prescription is presented to the claim for damages for the entry of the cattle of the defendant in the field of the plaintiff, and there is no evidence on record which shows that the suit was brought within the delay given by law for actions of this kind.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be affirmed with costs.

*Appellant, in propria persona.*

*Rost,* for appellee.